**BOREN, OSHER & LUFTMAN LLP**
Paul K. Haines (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt (SBN 286462)
Email: fschmidt@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles, California 90036
Tel: (323) 937-9900
Fax: (323) 937-9910

**BALTODANO & BALTODANO LLP**
Hernaldo J. Baltodano (SBN 222286)
Email: hjb@bbemploymentlaw.com
Erica Flores Baltodano (SBN 222331)
Email: efb@bbemploymentlaw.com
1411 Marsh Street, Suite 102
San Luis Obispo, California 93401
Tel: (805) 322-3412
Fax: (805) 322-3413

Attorneys for Plaintiff and the Classes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH LITT, as an individual, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>WESTERN STONE & METAL CORP., a Colorado Corporation, dba Shane Co.; and DOES 1 through 10,<br><br>       Defendants. | CASE NO.<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT:**<br><br>**(1) FAILURE TO PAY ALL OVERTIME WAGES (LABOR CODE §§ 204, 510, 558, 1194, AND 1198);**<br><br>**(2) FAIR LABOR STANDARDS ACT (29 U.S.C. § 201 *et seq.*);**<br><br>**(3) MEAL PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 512, AND 558);**<br><br>**(4) REST PERIOD VIOLATIONS (LABOR CODE §§ 226.7, 516 AND 558);**<br><br>**(5) WAITING TIME PENALTIES (LABOR CODE §§ 201-203);**<br><br>**(6) UNFAIR COMPETITION (BUS & PROF CODE § 17200** |

1

*et seq.*);

**DEMAND FOR JURY TRIAL**
**UNLIMITED CIVIL CASE**

Plaintiff Sarah Litt ("Plaintiff") on behalf of herself and all others similarly situated, hereby brings this Class and Collective Action Complaint against Defendants Western Stone & Metal Corp., a Colorado Corporation, dba Shane Co.; and DOES 1 to 10 (collectively "Defendants"), inclusive, and on information and belief alleges as follows:

## JURISDICTION

1.     Plaintiff, on behalf of herself and all others similarly situated, hereby brings this class and collective action for recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code §17200, *et. seq*., Labor Code §§ 201-204, 226 *et seq.*, 510, 512, 516, 558, 1194, 1198, and California Industrial Welfare Commission Wage Order No. 7-2001 ("Wage Order 7"), in addition to seeking injunctive relief, declaratory relief and restitution.

2.     This Court has jurisdiction over Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law.  This Court has jurisdiction over Defendants' violation of the Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and Wage Order 7, because these claims

derive from the same common nucleus of operative facts.

## VENUE

3.     Venue is proper under 28 U.S.C. 1391 because Defendants do business in within the Northern District of California and the acts alleged herein took place within the Northern District of California.  Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiff within the Northern District of California.

## PARTIES

4.     Plaintiff is an individual over the age of eighteen (18).  At all relevant times herein, Plaintiff was a California resident, residing in the counties of San Mateo and Santa Clara.  During the four years immediately preceding the filing of the Complaint in this action and within the statute of limitations periods applicable to each claim pled herein, Plaintiff was employed by Defendants as an hourly non-exempt employee in California.  Plaintiff was, and is, a victim of Defendants' policies and/or practices complained of herein, lost money and/or property, and has been deprived of the rights guaranteed to her by the FLSA, California Labor Code §§ 201-204, 226 *et seq.*, 510, 512, 516, 558, 1194, 1198, California Business and Professions Code § 17200 *et seq.* (Unfair Competition), and Wage Order 7, which sets employment standards for the retail sales industry.

5.     Plaintiff is informed and believes, and based thereon alleges, that during the four years preceding the filing of the Complaint and continuing to the present, Defendants did (and do) business by operating retail motorcycle apparel stores within the Northern District of California and the United States, and employed Plaintiff and other, similarly-situated hourly non-exempt employees within the Northern District of California and, therefore, were (and are) doing business in the Northern District of California and the State of California.

6.     Defendants bill themselves as "one of the country's premier

independent jewelers" and operate approximately 20 retail stores across the country, including four in California, in addition to selling merchandise via an online store.

7.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants were licensed to do business in California and within the Northern District of California, and were the employers of Plaintiff and the Classes (as defined in Paragraph 17).

8.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the Defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered.  Plaintiff is informed, and believes, and thereon alleges, that each of said fictitious Defendants, whether individual, partners, agents, or corporate, was responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

9.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and each of them, were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

10.    At all times mentioned herein, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture,

partnership, and common enterprise.  Further, Plaintiff alleges that all Defendants were joint employers for all purposes of Plaintiff and all Class Members.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff was employed by Defendants as a non-exempt, hourly employee at Defendant's San Mateo store, beginning in approximately July 2010 until March, 2013 when she transferred to Defendant's Lynwood, Washington location, where she continued working until November, 2013.

12.     During Plaintiff's employment with Defendants, she regularly worked shifts in excess of 8 hours per day and/or 40 hours per week.  In addition, she received various forms of non-discretionary incentive pay, such as weekly bonuses, monthly bonuses, recruitment awards, spiffs, cash prizes, and/or other forms of pay which are not excludable under California Law and the FLSA when calculating an employee's regular rate (hereinafter the aforementioned forms of pay are collectively referred to as "Incentive Pay").

13.     Despite Defendants' payment of Incentive Pay to Plaintiff, Defendants failed to include all forms of Incentive Pay when calculating Plaintiff's regular rate of pay, thereby causing Plaintiff to be underpaid all of her required overtime wages.   Rather, Plaintiff was only paid one and a half times her base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

14.     Moreover, Defendants maintained a policy or practice of requiring Plaintiff and other non-exempt hourly employees to work on seven consecutive days without paying premium pay equal to one and one-half times their regular rate of pay for the first eight hours, and double their regular rate for all hours worked in excess of eight, on the seventh consecutive day of work, thereby further depriving Plaintiff and other hourly non-exempt employees of all overtime wages owed.

15.     In addition, Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide and make available, respectively, all meal and rest breaks to which Plaintiff was entitled, due to Defendants' failure to maintain lawful meal and rest break policies. Despite Defendants' failure to provide Plaintiff with all meal and rest breaks to which she was legally entitled, Defendants never provided Plaintiff with the premium pay required by Labor Code § 226.7.

16.     As a result of the foregoing violations, Defendants failed to timely pay Plaintiff all final wages due at the time of her separation from Defendant's employment.

17.     Class Definitions: Plaintiff brings this action on behalf of herself and the following Classes pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA:

a.     The California Overtime Class consists of all Defendants' current and former hourly non-exempt employees in California who: (a) received Incentive Pay and overtime compensation during a corresponding time period, or (b) performed work on seven consecutive days without receiving overtime compensation on the seventh day, during the four years immediately preceding the filing of the Complaint through the present.

b.     The FLSA Overtime Class consists of all Defendants' current and former hourly non-exempt employees throughout the United States, who received Incentive Pay and overtime compensation during a corresponding time period, during the three years immediately preceding the filing of the Complaint through the present.

c.     The Meal Period Class consists of all Defendants' current and former hourly non-exempt employees in California who were not provided with all legally required meal periods due to Defendant's failure to maintain a lawful meal period

policy, during the four years immediately preceding the filing of the Complaint through the present.

d.     The Rest Period Class consists of all Defendants' current and former hourly non-exempt employees in California who were not provided with all legally required rest periods due to Defendant's failure to maintain a lawful rest period policy, during the four years immediately preceding the filing of the Complaint through the present.

e.     The Waiting Time Penalty Class consists of all formerly employed members of the California Overtime Class, the Meal Period Class and/or the Rest Period Class, who separated their employment from Defendants during the three years immediately preceding the filing of the Complaint through the present.

18.     **Numerosity/Ascertainability:**  The members of the Classes are so numerous that joinder of all members would be unfeasible and not practicable. The membership of the classes and subclasses are unknown to Plaintiff at this time; however, it is estimated that the Classes number greater than four-hundred (400) individuals as to each Class. The identity of such membership is readily ascertainable via inspection of Defendants' employment records.

19.     **Common Questions of Law and Fact Predominate/Well Defined Community of Interest:** There are common questions of law and fact as to Plaintiff and all other similarly situated employees, which predominate over questions affecting only individual members including, without limitation to:

i.     Whether Defendants violated the applicable Labor Code provisions including, but not limited to §§ 510 and 1194 by requiring overtime work and not paying for said work according to the overtime laws of the State of California;

ii.     Whether Defendants failed to properly include all forms of compensation when computing the respective regular rates for members of the California and FLSA Overtime Classes;

iii.     Whether Defendants' policies and/or practices for determining the regular rate of pay for purposes of overtime compensation to the Overtime Classes violated California law and/or the FLSA;

iv.     Whether Defendants maintained a legally compliant meal period policy during the relevant time period;

v.     Whether Defendants maintained a legally compliant rest period policy during the relevant time period;

vi.     Whether Defendants' policies and/or practices for the timing and amount of payment of final wages at the time of separation from employment were unlawful.

20.     **Predominance of Common Questions:**  Common questions of law and fact predominate over questions that affect only individual members of the Classes.  The common questions of law set forth above are numerous and substantial and stem from Defendants' policies and/or practices applicable to each individual class member, such as their uniform method of calculating overtime payments for the members of the California and FLSA Overtime Classes.  As such, these common questions predominate over individual questions concerning each individual class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

21.     **Typicality:**  The claims of Plaintiff are typical of the claims of the Classes because Plaintiff was employed by Defendants as an hourly non-exempt employee in California and the United States during the statutes of limitation applicable to each claim pled in the Complaint in this action.  As alleged herein, Plaintiff, like the members of the Classes, was deprived of all overtime and premium wages, was not provided with all legally compliant meal and rest periods, and was not provided with all wages owed at the time of her separation from Defendants' employment.

22.     **Adequacy of Representation:**  Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes.  Moreover, Plaintiff's attorneys are ready, willing and able to fully and adequately represent the members of the Classes and Plaintiff.  Plaintiff's attorneys have prosecuted and defended numerous wage-and-hour class actions in state and federal courts in the past and are committed to vigorously prosecuting this action on behalf of the members of the Classes.

23.     **Superiority:**  The California Labor Code is broadly remedial in nature and serves an important public interest in establishing minimum working conditions and standards in California.  Similarly, the FLSA is remedial in nature and serves an important public interest in establishing minimum working conditions and standards through the United States.  These laws and labor standards protect the average working employee from exploitation by employers who have the responsibility to follow the laws and who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.  The nature of this action and the format of laws available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein.  If each employee were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources.  Moreover, requiring each member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damages to their careers at subsequent employment.  Further, the prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications

with respect to the individual Class Members against Defendants herein; and which would establish potentially incompatible standards of conduct for Defendants; and/or legal determinations with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

24.     As such, the Rule 23 Classes identified in Paragraph 17 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

## FIRST CLAIM
### FAILURE TO PAY OVERTIME WAGES
### (AGAINST ALL DEFENDANTS)

25.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

26.     This claim is brought on behalf of the California Overtime Class pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

27.     Plaintiff and members of the California Overtime Class worked overtime hours and were paid various forms of Incentive Pay, which are not statutory exclusions when calculating an employee's regular rate.  At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant to California Labor Code § 1194 and Wage Order 7.  Wage Order 7, § 3 requires an employer to pay an employee "one

and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day, and/or in excess of 40 hours of work in the workweek, and/or on the seventh consecutive day of work. Wage Order 7, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

28.    Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the California Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the California Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not. Accordingly, Plaintiff and members of the California Overtime Class were not compensated at the appropriate rates of overtime pay for all overtime hours worked. Furthermore, Defendants maintained a policy or practice of requiring work on seven consecutive days, without paying overtime and double-time compensation for hours worked on the seventh consecutive workday.

29.    Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rates for said work violates California Labor Code §§ 204, 210, 510, 558, 1194, and 1198, and Wage Order 7.

30.    Plaintiff is informed and believes and thereon alleges that the job duties and responsibilities of the California Overtime Class are irrelevant because Plaintiff and all others similarly situated merely allege wrongdoing with Defendants' pay policies and practices as to calculating the applicable overtime rates of pay for overtime worked by members of the California Overtime Class.

31.     The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 510, 558, 1194, 1198, 2698 *et seq.*, and Code of Civil Procedure § 1021.5.

## SECOND CLAIM
## FLSA VIOLATIONS
## (AGAINST ALL DEFENDANTS)

32.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

33.     This claim is brought pursuant to 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

34.     Plaintiff and members of the FLSA Overtime Class worked in excess of 40 hours per workweek, earned overtime compensation, and received various forms of Incentive Pay, which are not exclusions when calculating the regular rate of pay.

35.     Plaintiff is informed and believes, and based thereon alleges that, Defendants regularly and systematically, as a policy and practice, miscalculated the overtime rate of pay by failing to properly include the various forms of Incentive Pay paid to Plaintiff and members of the FLSA Overtime Class, which are not statutory exclusions when calculating an employee's regular rate of pay. Rather, Plaintiff and members of the FLSA Overtime Class were only paid one and a half times their base rate, which was not equal to the regular rate, as Defendants failed to include the various forms of Incentive Pay earned during corresponding periods that were required to be included in the regular rate, but were not.

Class and Collective Action Complaint

Accordingly, Plaintiff and members of the FLSA Overtime Class were not compensated at the appropriate rates of overtime pay for all hours worked.

36.     Defendants' policy and practice of requiring overtime work and not paying at the proper overtime rate for said work violates the FLSA's overtime requirements including, but not limited to 29 U.S.C. § 207.

37.     Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

38.     Defendants' policy and practice of failing to include all forms of Incentive Pay in the overtime rate calculations for Plaintiff and members of the FLSA Overtime Class creates an entitlement to recovery by Plaintiff and members of the FLSA Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including liquidated damages, attorneys' fees and costs, per 29 U.S.C. § 216 and interest thereon.

<u>**THIRD CLAIM**</u>

**MEAL PERIOD VIOLATIONS**

**(AGAINST ALL DEFENDANTS)**

39.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40.     Plaintiff is informed and believes that Defendants failed in their affirmative obligation to provide all of their hourly non-exempt employees, including Plaintiff and members of the Meal Period Class, with timely, duty-free, uninterrupted thirty-minute meal periods in accordance with the mandates of the California Labor Code and Wage Order 7.  As such, Defendants are responsible for paying premium compensation for meal period violations pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 7.

41.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay Plaintiff and members of the Meal Period Class the premium pay required in Labor Code § 226.7 and Wage Order 7 when they were

not provided with a legally-compliant meal period or meal periods, and in those instances where Defendants did make a purported meal period premium payment, such meal period premium was not paid at the employees' regular rate of pay due to Defendants' miscalculation of the regular rate. As a result, Defendants owe Plaintiff and members of the Meal Period Class additional compensation pursuant to Labor Code § 226.7 and Wage Order 7, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

## FOURTH CLAIM

### REST PERIOD VIOLATIONS
### (AGAINST ALL DEFENDANTS)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. Wage Order 7, § 12 and California Labor Code §§ 226.7, 516 and 558 establish the right of employees to be provided with a rest period of at least ten (10) minutes for each four (4) hour period worked, or major fraction thereof.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed in their affirmative obligation to make all required rest periods available to all of their hourly non-exempt employees, including Plaintiff and members of the Rest Period Class, in accordance with the mandates of the California Labor Code and Wage Order 7. As such, Defendants are responsible for paying premium compensation for rest period violations pursuant to Labor Code §§ 226.7, 516, and 558, and Wage Order 7.

45. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to pay Plaintiff and members of the Rest Period Class the premium pay required in Labor Code § 226.7 and Wage Order 7 when they were not provided with a legally-compliant rest period or rest periods, and in those instances where Defendants did make a purported rest period premium payment, such rest period premium was not paid at the employees' regular rate of pay due to

Defendants' miscalculation of the regular rate. As a result, Defendants owe Plaintiff and members of the Rest Period Class additional compensation pursuant to Labor Code § 226.7 and Wage Order 7, including interest thereon, statutory penalties, civil penalties, reasonable attorney's fees, and costs of suit.

<u>**FIFTH CLAIM**</u>

**WAITING TIME PENALTIES**

**(AGAINST ALL DEFENDANTS)**

46.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

47.     This claim is brought pursuant to Labor Code §§ 201-203 which require an employer to pay all wages immediately at the time of termination of employment in the event the employer discharges the employee or the employee provides at least 72 hours of notice of his/her intent to quit. In the event the employee provides less than 72 hours of notice of his/her intent to quit, said employee's wages become due and payable not later than 72 hours upon said employee's last date of employment.

48.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Penalty Class all final wages due to them at the time of their termination which includes, among other things, underpaid overtime and minimum wages, in addition to meal and rest period premiums. Further, Plaintiff is informed and believes, and based thereon alleges, that as a matter of uniform policy and practice, Defendants continue to fail to pay Plaintiff and members of the Waiting Time Penalty Class all earned wages at the end of employment in a timely manner pursuant to the requirements of Labor Code §§ 201-203. Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203.

49.     Defendants' wilful failure to timely pay Plaintiff and the members of the Waiting Time Penalty Class their earned wages upon separation from

employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and members of the Waiting Time Penalty Class are entitled to compensation pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

<u>**SIXTH CLAIM**</u>

**UNFAIR COMPETITION**

**(AGAINST ALL DEFENDANTS)**

50.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 as though fully set forth herein.

51.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by: (a) failing to pay Plaintiff and members of the California Overtime Class all overtime wages owed; (b) failing to pay Plaintiff and members of the Meal Period Class all meal period premium wages owed; (c) failing to pay Plaintiff and members of the Rest Period Class all rest period premium wages owed; and (d) wilfully failing to timely pay all final wages upon termination of employment.

52.     Defendants' utilization of these unfair and/or unlawful business practices deprived Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

53.     Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff, for herself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

54.    The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

55.    Plaintiff was compelled to retain the services of counsel to file this court action to protect her interests and those of the Classes, to obtain restitution, and to enforce important rights affecting the public interest.  Plaintiff thereby incurred the financial burden of attorneys' fees and costs, which she is entitled to recover under Code of Civil Procedure § 1021.5.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1.  For an order certifying the proposed Classes;

2.  For an order appointing Plaintiff as representative of the Classes;

3.  For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.  Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

5.  Upon the Second Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 207 and 216.

6.  Upon the Third Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

7.  Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 516 and 558

8.  Upon the Fifth Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

Class and Collective Action Complaint

9.  Upon the Sixth Claim, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

10. Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

11. On all claims, for attorneys' fees and costs as provided by Labor Code § 1194 *et seq.* and Code of Civil Procedure § 1021.5;

12. For such other and further relief the Court may deem just and proper.

Dated:  June 17, 2014

Respectfully submitted,
BOREN, OSHER & LUFTMAN LLP

By:   _/s/ Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff and the Classes

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

Dated:  June 17, 2014

BOREN, OSHER & LUFTMAN LLP

By:   _/s/ Paul K. Haines_____
Paul K. Haines
Attorneys for Plaintiff and the Classes

Class and Collective Action Complaint