# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH LITT, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br>WESTERN STONE & METAL CORP., a Colorado Corporation, dba Shane Co.; and DOES 1 through 10,<br><br>Defendants. | CASE NO. 3:14-cv-02804-PJH<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:   Hon. Phyllis J. Hamilton<br>Date:    July 8, 2015<br>Time:    9:00 a.m.<br>Courtroom: 3 |

This matter came on for hearing on July 8, 2015, at 9:00 a.m., in Courtroom 3 of the United States District Court for the Northern District of California before the Honorable Phyllis J. Hamilton.  Due and adequate notice having been given to the Settlement Classes (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, having reviewed the record in the above captioned matter, and good cause appearing thereto,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), the Class Representative, Defendant Western Stone & Metal Corp. ("WSM" or "Defendant"), and all members of the Settlement Classes, which are defined as follows:

**California Settlement Class**:  All non-exempt employees of Western Stone & Metal Corp., who worked in California between June 17, 2010, and April 1, 2015.

**Non-California Settlement Class**:  All non-exempt employees of Western Stone & Metal Corp., who worked outside of California between June 17, 2011, and November 8, 2014.

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Settlement Agreement filed by the Class Representative on February 27, 2015 (Docket Entry 30-2), and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

3. The Court grants final approval of the Parties' Settlement Agreement because it meets the criteria for final settlement approval.  The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to

be the product of arm's-length and informed negotiations, and treats all members of the Settlement Classes fairly.

4.  The Court finds that the distribution by U.S. first-class mail of the Notice and Exclusion Form constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Classes and fully met the requirements of due process under the United States Constitution and applicable state law.  Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Notice to the Settlement Classes was adequate.  The Notice informed members of the Settlement Classes of the terms of the Settlement, their right to object to the Settlement or Class Counsel's Motion for Attorney's Fees and Costs and the Class Representative's Incentive Payment, their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement and Class Counsel's motion for Attorney's Fees and Costs and the Class Representative's Incentive Payment, and right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures.  No members of the Settlement Classes objected to the Settlement or Class Counsel's motion for Attorney's Fees and Costs and the Class Representative's Incentive Payment, and only 44 members of the Settlement Classes (approximately 3%) opted out of the Settlement.

5.  The Court finds, for purposes of settlement only, that the Settlement Classes satisfy the applicable standards for certification under Federal Rules 23(a), and 23(b)(3).  Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Settlement Classes, as defined above.  Because the Settlement Classes are being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6. The Court approves the Settlement, and each of the releases and other terms set forth in the Settlement Agreement, as fair, just, reasonable and adequate as to the Settlement Classes, the Class Representative, and WSM (collectively the "Settling Parties"). The Settling Parties and the Claims Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. Except as to any individual member of the Settlement Classes who has validly and timely opted out of the Settlement, all of the claims asserted in the Action are dismissed with prejudice as to the Class Representative and the members of the Settlement Classes. The Settling Parties are to bear their own attorney's fees and costs, except as otherwise provided in the Settlement Agreement.

8. By this Judgment, the Class Representative and each member of the Settlement Classes who has not validly and timely requested exclusion from the Settlement by opting out (collectively the "Releasing Members"), hereby release WSM and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as defined in the Settlement Agreement).

9. By this Judgment, the Releasing Members and Class Counsel shall be deemed to have released all claims for attorney's fees and costs incurred in connection with the litigation and settlement of the Action.

10. The Action is dismissed on the merits and with prejudice, permanently barring the Releasing Members from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representative, the Settlement Classes, and WSM for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

11. The Court finds that the plan of allocation for the shares of the Gross Settlement Payment as set forth in the Settlement Agreement is fair and reasonable and that distribution of the Net Settlement Fund to the Settlement Classes shall be done in accordance with the terms outlined in the Notice and Settlement Agreement.

12. The Court hereby orders the appointment of Sarah Litt as Class Representative for the Settlement Classes for purposes of settlement.

13. The Court hereby orders the appointment of Hernaldo J. Baltodano of Baltodano & Baltodano LLP, and Paul K. Haines and Fletcher W. Schmidt of Boren, Osher & Luftman LLP as Class Counsel for the Settlement Classes for purposes of settlement and the releases and other obligations therein.

14. WSM has agreed for the Claims Administrator to pay from the Gross Settlement Payment: (i) the Claims Administrator its reasonable fees for its services; and (ii) the Incentive Payment to the Class Representative to reimburse them for their valuable services to the Settlement Classes. The Court hereby approves the payment of settlement administration costs in the amount of $25,000 to CPT Group, Inc., the Claims Administrator, for services rendered in this matter. The Court also approves the Incentive Payment to the Class Representative in the amounts of $5,000, to reimburse the Class Representative for her valuable services in initiating and maintaining this litigation and the benefits conferred onto the Settlement Classes and WSMs current and future employees as a result of the Action. The Court finds that these payments are fair and reasonable. The Claims Administrator is directed to make the foregoing payments in accordance with the terms of the Settlement Agreement.

15. The Court hereby awards to Class Counsel the amount of $162,500 for attorney's fees, and the amount of $24,622.39 for costs. Based on Plaintiff's Motion for Attorney's Fees and Costs, and Class Representative Incentive

1  Payment, the Court finds that Class Counsel advanced legal theories on a
2  contingent-fee basis, and that their efforts resulted in a substantial monetary
3  recovery for the Settlement Classes in addition to meaningful non-monetary relief.
4  The Court finds this payment to be fair and reasonable.  The Claims Administrator
5  is ordered to wire these funds to Class Counsel in accordance with the terms of the
6  Settlement Agreement.

       16.   This document shall constitute a judgment for purposes of Rule 58 of
the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: __July 10_____, 2015     _____
                                     The Honorable Phyllis J. Hamilton
                                     United States District Judge

